UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMION LAVELL STEVENSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-31-NAB ) |
| UNKNOWN GRIFFIN, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Damion Lavell Stevenson, a federal pre-trial detainee housed at the Ste. Genevieve Detention Center, for leave to commence this civil action without prepaying fees or costs. The motion will be granted, and plaintiff will be required to pay an initial partial filing fee of $58.40. Additionally, the Court will dismiss plaintiff's claims against defendants brought in their official capacities and allow plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his prison account statement for the five-month period immediately preceding the submission of his complaint. A review of plaintiff's statement indicates an average monthly deposit of $292.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $58.40, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 alleging excessive force against the following correctional officers at the Ste. Genevieve Detention Center: Unknown Griffin, Unknown Wolf, Unknown Preset, Unknown Burt, and Unknown Tamer. In his complaint, plaintiff indicates that he sues Griffin and Wolf in their official capacities only, but does not indicate in what capacities he sues Preset, Burt, and Tamer.

Plaintiff's allegations arise out of a series of events on November 10, 2020. He states that at noon on that date, Officer Griffin slammed plaintiff to the ground, put his knee to plaintiff's neck, and twisted plaintiff's arm until plaintiff screamed for him to stop. Plaintiff alleges that while this was occurring, Officer Wolf put her knee to plaintiff's neck and choked him. Plaintiff states that this happened in holding cell one of the jail. Plaintiff states that at approximately 5:00 p.m. in the booking cage of the jail, Officer Preset kicked plaintiff in the leg. Finally, plaintiff states that at approximately 7:00 p.m. in holding cell one, Officer Tamer put plaintiff in a head lock and choked him.

After these events, plaintiff sought medical attention for his leg. He states that he thought his leg was fractured. Plaintiff alleges the jail staff took no action regarding plaintiff's leg until January 2021, when they gave him ibuprofen for ten days and x-rayed his leg. Plaintiff does not state what injuries, if any, were revealed by the x-rays. Plaintiff states, however, that he still suffers from pain in his leg and from the loss of feeling in his hands from being handcuffed to a restraint chair.

For relief, plaintiff seeks an unspecified amount of damages for pain and suffering, mental anguish, and "the fact that my leg may never work properly again."

**Discussion**

1.   Plaintiff's Claims Against Defendants Griffin and Wolf

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Fourteenth Amendment gives pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id.*

Plaintiff's excessive force claims do not survive initial review, however, because plaintiff has sued defendants Griffin and Wolf only in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Here, plaintiff has not established Ste. Genevieve County's liability for the alleged conduct of defendants, so his official capacity claims against defendants Griffin and Wolf must be dismissed. Because plaintiff makes serious allegations against these officers, however, the Court will grant plaintiff an opportunity to file an amended complaint to state his claims against these defendants in their individual capacities.

4

2.  Plaintiff's Claims Against Defendants Preset, Burt, and Tamer

Plaintiff has not indicated in what capacity he is bringing his § 1983 claims against the remaining defendants—Preset, Burt, and Tamer. If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *See Johnson*, 172 at 535 ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Because plaintiff's complaint is silent about the capacity in which he sues defendants Preset, Burt, and Tamer, the Court must assume these defendants are sued in their official capacities. As stated above with respect to defendants Griffin and Wolf, these official capacity claims are subject to dismissal. For this reason, the Court will dismiss plaintiff's claims against defendants Preset, Burt, and Tamer.

3.  Instructions for Filing Amended Complaint

The Court will grant plaintiff twenty-one days to file an amended complaint to state claims of excessive force against defendants in their individual capacities. The Court will provide plaintiff with its form complaint for civil rights violations. *See* E.D. Mo. L.R. 2.06(A) In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the

5

elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must allege the factual circumstances surrounding his claims, *i.e.*, what happened. He cannot merely state without any context that prison officials held him down or kicked his leg, and then conclude that they used excessive force.

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. The motion will be denied at this time. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will deny without prejudice plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $58.40 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Unknown Griffin, Unknown Wolf, Unknown Preset, Unknown Burt, and Unknown Tamer in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a form prisoner civil rights complaint under 42 U.S.C. § 1983. Plaintiff shall have twenty-one (21) days from the date of this order to file an amended complaint in accordance with the instructions set forth in this order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint within twenty-one (21) days of the date of this Order, the Court will dismiss this action without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 8th day of July, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE